IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAURA GARCIA**, <br><br>            Plaintiff, <br><br>    v. <br><br> **DURHAM & BATES AGENCIES, INC.**, <br> an Oregon Corporation, <br><br>            Defendant. | Case No. 3:14-cv-00220-SI <br><br> **OPINION AND ORDER** |

Erin K. Fitzgerald and Steven C. Burker, CASE & DUSTERHOFF, LLP, 9800 S.W. Beaverton-Hillsdale Highway, Suite 200, Beaverton, OR 97005. Of Attorneys for Plaintiff.

Brenda K. Baumgart and Ryan S. Gibson, STOEL RIVES LLP, 900 S.W. Fifth Avenue, Suite 2600, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Laura Garcia ("Ms. Garcia") brings this suit against her former employer, Durham & Bates Agencies, Inc. ("Durham & Bates"), for employment discrimination based on the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Or. Rev. Stat. § 659A.112, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and unpaid wages under Or. Rev. Stat. §§ 652.140 and 652.150. Durham & Bates moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal

PAGE 1 – OPINION AND ORDER

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In the alternative, Durham & Bates requests that the Court order Ms. Garcia to make her complaint more definite and certain pursuant to Federal Rule of Civil Procedure 12(e) ("Rule 12(e)"). For the reasons discussed below, the Court grants in part and denies in part Durham & Bates's motion.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

PAGE 2 – OPINION AND ORDER

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

Ms. Garcia filed this suit against her former employer, Durham & Bates, on February 11, 2014, for violations of the ADA, Oregon disability discrimination laws, the FLSA, and Oregon wage laws.[1] In her complaint, Ms. Garcia alleges that she was employed by Durham & Bates from approximately June of 2010 until April 24, 2013, when Durham & Bates terminated her employment. Pl.'s Compl. ¶¶ 6-7, Dkt. 1. She alleges that she has a disability and that she informed Durham & Bates of that disability in August of 2012. *Id.* ¶ 9.

Ms. Garcia alleges that she requested, as an accommodation for her disability, that she be given flexible daily start times for her work, but Durham & Bates responded by imposing restrictions on her hours and requiring time missed to be taken as unpaid leave. *Id.* ¶ 10. She also alleges that her supervisor was hostile and intimidating toward her on multiple occasions and that she asked for and was refused mediation to help resolve that hostility. *Id.* ¶¶ 10-12.

Ms. Garcia also alleges that she received a year-end bonus in January of 2013 that was only one-third of what her bonus was the previous year and was the lowest in the company. Ms. Garcia further alleges that she was not paid her regular salary when she took leave pursuant to the Oregon Family Leave Act ("OFLA") between February 1 and April 24, 2013. According to the complaint, Durham & Bates had a history of paying other employees who took such leave. *Id.* ¶¶ 12, 14-16.

Ms. Garcia contends that her termination, lower year-end bonus, and unpaid compensation occurred because of, and in retaliation for, having a disability, requesting

---

[1] In Ms. Garcia's response to Durham & Bates's motion, Ms. Garcia abandons her third claim for relief pursuant to the FLSA. Pl.'s Resp., Dkt. 10 at 1.

reasonable accommodations, and invoking her rights under the OFLA. *Id.* ¶¶ 8, 17, 19. She seeks compensatory damages not to exceed $435,000, unspecified punitive damages, reasonable attorney fees, costs, and disbursements. *Id.* at 7-8.

## DISCUSSION

**A.  Disability Claims under the ADA and Oregon Law**

Ms. Garcia's first and second claims for relief are brought under the ADA and Oregon employment discrimination law, respectively. Both claims incorporate the same factual allegations. The Oregon employment discrimination statute is construed "consistent with any similar provisions of the federal Americans with Disabilities Act." Or. Rev. Stat. § 659A.139(1). The Court therefore considers both claims together. Durham & Bates argues that Ms. Garcia's complaint fails to articulate a specific theory of relief for any of her claims under applicable law and does not include sufficient factual allegations to establish the alleged wrongdoing. Further, Durham & Bates argues that Ms. Garcia's ADA claim fails to specify which provision of the ADA Durham & Bates violated.

Although the complaint does not cite a specific provision of the ADA that Ms. Garcia contends Durham & Bates has violated, it does state that Durham & Bates "discriminated against [Ms. Garcia] because of her disability" by discharging her, failing to pay her wages, failing to pay her the full bonus that she would have otherwise received, and by treating her disparately from other employees. Pl.'s Compl. ¶¶ 10, 12, 15, 16, 19. The complaint also contains an allegation of retaliation. *Id.* ¶ 17. Thus, Ms. Garcia alleges ADA claims based on both discrimination and retaliation.

**1.  Discrimination**

It appears that Ms. Garcia intends to allege employment discrimination under 42 U.S.C. § 12112, which prohibits discrimination on the "basis of disability in regard to job application

PAGE 4 – OPINION AND ORDER

procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). If this is Ms. Garcia's intention, she must amend her complaint to make it more definite and certain.

To state a prima facie case of employment discrimination under § 12112, a plaintiff must allege that (1) she is "disabled" as defined by the ADA, (2) she is a "qualified individual" as defined by the ADA, and (3) she suffered an adverse employment action on the basis of her disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Ms. Garcia's second claim for relief is brought under Or. Rev. Stat § 659A.112. That statute is construed consistently with the ADA and the same elements are required. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) ("The standard for establishing a prima facie case of discrimination under Oregon law is identical to that used in federal law.") (citing *Henderson v. Jantzen, Inc.*, 79 Or. App. 654, 656-57 (1986)).

A "disability" is defined by the ADA as "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or . . . being regarded as having such an impairment." 42 U.S.C. §§ 12102(1)(A)-(C). A "qualified individual," as defined by the ADA, is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Regarding these first two elements of an employment discrimination claim under the ADA, Ms. Garcia's complaint is deficient. She alleges only that "[Ms. Garcia] has a disability and informed [Durham & Bates] about her conditions in August 2012." The complaint does not allege that Ms. Garcia's disability meets the ADA definition, nor does it provide any information

PAGE 5 – OPINION AND ORDER

as to the nature of her physical or mental impairment, or what major life activities it substantially limits. Ms. Garcia's complaint also does not allege that or how she is a "qualified individual" as defined by the ADA. The complaint does not identify Ms. Garcia's position with Durham & Bates, nor does it contain any description of the position's essential functions, or any facts regarding her ability to perform those essential functions, with or without reasonable accommodation.

Contrary to Durham & Bates's assertion that Ms. Garcia's allegations are wholly lacking, however, the complaint does allege that Ms. Garcia was terminated from her position after she requested an accommodation in the form of flexible daily start times and that Durham & Bates failed to make that accommodation. Ms. Garcia also alleges that she was "retaliated against and terminated in substantial part because she was disabled and requested reasonable accommodations." Thus, Ms. Garcia sufficiently alleges the third element of an employment discrimination claim under the ADA.

Because the first two elements are absent from Ms. Garcia's complaint, she fails to state a prima facie case of employment discrimination under either the ADA or Oregon law. Specifically, she fails to allege that her disability meets the ADA definition and that she is a "qualified individual." Ms. Garcia also fails to allege any facts that would allow the Court to draw the reasonable inference that she is both disabled and a "qualified individual" under the ADA. *See Newcal Indus.*, 513 F.3d at 1043 n.2. For these reasons, the Court dismisses without prejudice and with leave to amend Ms. Garcia's first and second claims for relief based on a theory of employment discrimination. To the extent Ms. Garcia wishes to amend her complaint to allege these claims, she must cite the specific statutory provisions that Durham & Bates allegedly violated and the specific factual allegations that support her discrimination claim.

### 2. Retaliation

To the extent that Ms. Garcia intends to allege retaliation as a separate basis for an ADA claim, such a claim would be actionable under 42 U.S.C. § 12203(a). To state a prima facie case of retaliation, a plaintiff must allege "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (citation and quotation marks omitted). A retaliation claim does not necessarily depend on a plaintiff proving that he or she is disabled within the meaning of the ADA. *Id.* A request for a reasonable accommodation is a protected activity under the ADA. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) ("[Plaintiff] was engaged in a protected activity when he requested that [employer] make reasonable accommodations for his alleged disability.").

Ms. Garcia alleges that she requested a reasonable accommodation for her asserted disability in the form of flexible start times. She further alleges that she was terminated by Durham & Bates and that her termination occurred, at least in part, because she had requested a reasonable accommodation. Accordingly, Ms. Garcia adequately alleges the elements of a prima facie retaliation claim.

The Court notes, however, that Ms. Garcia's first claim for relief cites the entire ADA and incorporates nearly all of the factual allegations in the complaint and that the word "retaliated" appears only once, in paragraph 17, of the complaint. Durham & Bates's motion for a more definite and certain statement of Ms. Garcia's retaliation claim is well taken. A complaint must give "fair notice of what petitioner's claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (citation and quotation marks omitted). Pleadings are "intended . . . to frame the issue and provide the basis for informed pretrial proceedings." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). Ms. Garcia's

PAGE 7 – OPINION AND ORDER

complaint is not a model of clarity and does not adequately enable Durham & Bates to frame a responsive pleading.

To the extent that Ms. Garcia wishes to allege retaliation as a separate count of her ADA claim, she must amend her complaint to make it more definite and certain by citing to the specific statutory provisions that Durham & Bates allegedly violated and the specific factual allegations that support her retaliation claim.

**B. FLSA Claim**

Ms. Garcia dismisses her third claim for relief under the FLSA. Pl.'s Resp., Dkt. 10 at 1.

**C. Unpaid Wages Claim (Or. Rev. Stat. §§ 652.140, 652.150)**

Ms. Garcia's fourth claim for relief, for unpaid wages, is brought under Or. Rev. Stat. §§ 652.140 and 652.150. This claim incorporates the same factual allegations as Ms. Garcia's discrimination claims. The complaint alleges that Ms. Garcia took leave under the OFLA, Or. Rev. Stat. §§ 659A.150-86, between February 1, 2013 and April 24, 2013, and that although Durham & Bates had a history of paying employees when they took OFLA leave, Ms. Garcia was not paid while on leave. The complaint also alleges that Ms. Garcia received a year-end bonus in 2013 that was one-third of the bonus she received the previous year and was the lowest in the company. Durham & Bates argues that Ms. Garcia fails to identify her specific claim and allege a factual basis to support it, and that the facts as alleged do not constitute a violation of Or. Rev. Stat. §§ 652.140 and 652.150.

When an employer terminates an employee, "all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." Or. Rev. Stat. § 652.140(1). An employer who willfully fails to pay an employee wages or compensation due under Or. Rev. Stat. § 652.140 must pay continued wages up to 30 days after the due date as a penalty. Or. Rev. Stat. § 652.150(!).

PAGE 8 – OPINION AND ORDER

"Wages" are defined by regulation as "all compensation for performance of service by an employee for an employer whether paid by the employer or another person." Or. Admin. R. 839-001-0410. They also "include . . . all compensation owed an employee by an employer." *Id.*

"[I]n order to prevail under the Wage Claim Act [Or. Rev. Stat. §§ 652.140, 652.150, 652.200], an employe[e] must prove the agreement, express or implied, which gives him [or her] the right to expect compensation." *Leonard v. Arrow-Tualatin, Inc.*, 76 Or. App. 120, 123 (1985). In addition, an employer is not required to grant family leave pursuant to the OFLA with pay unless an employee uses other available paid leave instead, or it is required by an agreement between the employee and employer or an employer policy. Or. Rev. Stat. § 659A.174.

The complaint does not allege that any agreement or policy existed that entitled Ms. Garcia to payment of a larger bonus than the one she received, nor does it allege any facts that give rise to a reasonable inference that such an agreement, either express or implied, or policy existed. The only allegations regarding the bonus are that it was paid to Ms. Garcia, that it was one-third of the bonus she received the previous year, and that it was the lowest in the company.

As to Ms. Garcia's unpaid salary during the time she was on OFLA leave, the complaint alleges that Durham & Bates "has a history of paying employees their regular salary when on OFLA leave, even if the employee has no available sick or vacation leave." Pl.'s Compl. ¶ 15. Her allegation that Durham & Bates has a "history" of making such payment to other employees is not sufficient to allege an agreement, either express or implied, with Durham & Bates that entitles her to payment. With regard to whether there is an employer policy on this matter,

PAGE 9 – OPINION AND ORDER

however, the use of the term "history" is ambiguous and may suggest that Durham & Bates had either an implied or express policy.[2]

There are no other allegations in the complaint of wages due to Ms. Garcia that were not paid by Durham & Bates. Thus, Ms. Garcia's complaint fails to allege the existence of an express or implied agreement or employer policy that entitles her to a larger bonus. Accordingly,

---

[2] At oral argument, the parties disagreed as to whether an implied employer policy is sufficient to state a claim under the Wage Claim Act, Or. Rev. Stat. §§ 652.140, 652.150. Ms. Garcia's theory of relief, however, is more nuanced. She alleges that she is due unpaid wages from Durham & Bates because of Durham & Bates's "history" of paying wages while employees are on OFLA leave. The text of the relevant OFLA statute, Or. Rev. Stat. § 659A.174, reads: "(1) Except as provided in subsection (2) of this section, and unless otherwise provided by the terms of an agreement between the eligible employee and the covered employer, a collective bargaining agreement or an employer policy, family leave is not required to be granted with pay." The OFLA statute does not explicitly provide that *implied* agreements or policies may require an employer to pay an employee while on OFLA leave. The Court was unable to locate case law interpreting this specific provision of the statute.

In *Leonard v. Arrow-Tualatin, Inc.*, 76 Or. App. 120, 123 (1985), the Oregon Court of Appeals noted that "in order to prevail under the Wage Claim Act, an employe[e] must prove the agreement, express or implied, which gives him the right to expect compensation." Yet, *Leonard* did not address whether an *implied* employer policy may create a contractual right to compensation, although counsel for Ms. Garcia argued to the Court that such precedent exists. The legislative history of the OFLA, Or. Rev. Stat. § 659A.174, indicates that the statute was amended in 2007 to allow employees taking unpaid leave pursuant to the OFLA to take advantage of employer policies that provide other types of paid leave. *See* OR. H. COMM. ON HUMAN SERVS. & WOMEN'S WELLNESS, OREGON BILL SUMMARY, H.B. 2485 (Reg. Sess. 2007). This legislative history, however, does not squarely address the issue of whether an implied employer policy creates a right to compensation. It is also unclear how an action for compensation under the Wage Claim Act while an employee is on OFLA leave, based on an implied employer policy, interacts with the text of the OFLA statute, which does not expressly address implied employer policies. Further, it is unclear from *Leonard* whether an implied policy, as opposed to an "agreement, express or implied," is itself actionable under the Wage Claim Act. The parties did not brief this specific issue, and the Court's initial research in the matter demonstrates that the interaction between these two statutes may be at issue later on in this case.

In sum, the Court does not resolve the issue of whether an implied employer policy is sufficient under Oregon law to entitle an employee to paid leave pursuant to the OFLA. In the event such a claim is not actionable, Ms. Garcia's claim for relief may lie in contract law. At this stage of the proceedings, however, the Court does not resolve this issue and simply notes that Ms. Garcia fails to allege either an express or implied company policy.

the Court dismisses without prejudice Ms. Garcia's fourth claim for relief based on the theory that she was entitled to a larger bonus. Regarding payment of Ms. Garcia's salary while she was on OFLA leave, because the use of the term "history" is ambiguous and it is unclear whether Ms. Garcia intends to allege the existence of an employer policy, Ms. Garcia must amend her complaint here to make it more definite and certain.

## CONCLUSION

The Court GRANTS without prejudice Durham & Bates's Motion to Dismiss, Dkt. 8, as to Ms. Garcia's claims for violations of the ADA and Or. Rev. Stat. § 659A.112 based on employment discrimination, her claim for violation of the FLSA, and her claim for unpaid wages pursuant to Or. Rev. Stat. §§ 652.140 and 652.150 based on the theory that she was entitled to a larger bonus. Ms. Garcia may amend her complaint. As to Ms. Garcia's claim for unpaid wages pursuant to Or. Rev. Stat. §§ 652.140 and 652.150 based on the theory that she was entitled to wages while she was on OFLA leave and her claims for violation of the ADA and Or. Rev. Stat. § 659A.112 based on retaliation, Ms. Garcia shall amend her complaint within 14 days to make it more definite and certain consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 29th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge